Receipt number AUSFCC-9756301

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1.     STEPHEN C. BENDER ) <br> 2.     LONDO C. FRETT ) <br> 3.     TAWANNA R. SEWELL ) <br>         Plaintiffs, ) <br>         v. ) <br> THE UNITED STATES, ) <br>         Defendant. ) | CASE NO. __24-1213 C__ |

# FIRST AMENDED COMPLAINT

1.  The plaintiffs are employees of the defendant United States Government employed by the United States Agency for Global Media.  Plaintiffs bring this action on for backpay and other relief, pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1346(a)(2), 1491, 2201 and 2202 and 5 U.S.C. §§ 5543 and 5596, to remedy the defendant's willful and unlawful violations of federal law complained of herein.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1491, 29 U.S.C. § 216(b), and 5 U.S.C. § 5596.  Venue is proper pursuant to 28 U.S.C. § 1402.

## PARTIES

3.  Plaintiff Stephen C. Bender, a resident of Falls Church, Virginia, is employed as an IT Analyst by the United States Agency for Global Media in Washington, D.C.

4. Additional persons who are plaintiffs in this action are also current or former employees of the defendant, employed in information technology or related positions in Washington, DC. Each of the plaintiffs has given their written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) which is appended hereto as Exhibit A.

5. Each of the plaintiffs in this action are "employees" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1) and Title 5 of the U.S Code, specifically 5 U.S.C. §§ 2105, 5102, and 5541.

6. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(x) and 203(d) and Title 5 of the U.S. Code §§ 5102 and 5541. Defendant employs the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

7. Section 7(a) of the FLSA (29 U.S.C. Section 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of forty (40) hours per week. Pursuant to this statutory provision, and at all times material herein, the plaintiffs have been entitled to overtime pay for all hours at which they have been employed in excess of 40 hours per week.

8. Pursuant to 5 U.S.C. § 5543(b), employees covered by the FLSA cannot receive compensatory time instead of overtime pay unless the employee has requested compensatory time.

9. Pursuant to 5 U.S.C. § 5543(b) and § 5543(a)(2), compensatory time in lieu of FLSA overtime pay can only be provided for "irregular or occasional overtime work."

10. Under both Title 5 and the FLSA, "irregular or occasional overtime work," is defined as overtime work that was not scheduled in advance of the administrative workweek. 5 C.F.R. § 550.103, 5 C.F.R. § 551.501(c). Overtime scheduled in advance of the administrative workweek is considered regular overtime work. 5 C.F.R. § 550.103.

11. At all or some of the times material herein, and since August 8, 2018, as well as before, the plaintiffs have worked as information technology employees. While working in these positions, the plaintiffs have worked hours in excess of forty (40) hours per week.

12. At all times material herein, and since August 8, 2018, as well as before, plaintiffs have, on occasion, received compensatory time as payment for working in excess of 40 hours a week. Such compensatory time has been paid at the rate of one hour of compensatory time for each hour of overtime worked.

13. At all times material herein, and since August 8, 2018, as well as before, plaintiffs have been scheduled to work regular overtime work, including, but not limited to, monthly overtime shifts to perform maintenance on the Defendant's information technology system.

14. Despite such work being scheduled in advance of the administrative workweek, defendant required employees to accept compensatory time for such work and failed to pay overtime pay to plaintiffs under the FLSA or Title 5.

## COUNT ONE
## IMPROPER FORCED PAYMENT OF COMPENSATORY TIME AND UNDERPAYMENT OF FLSA OVERTIME PAY

15. Plaintiffs incorporate by reference paragraphs 1 through 14 in their entirety and restate them herein.

16. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of forty (40) hours per week at the rate of one and one-half times an employee's "regular rate of pay."

17. At all times material herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours per week, defendant United States has violated the FLSA by forcing plaintiffs to accept payment in the form of compensatory time at the rate of one hour for each hour of overtime hour worked and by failing to provide plaintiffs overtime compensation at the rate of one and one-half times the plaintiffs' regular rates of pay.

18. Pursuant to 5 U.S.C. § 5543(b), compensatory time can only be paid to FLSA non-exempt employees at the employees' election. Thus, at all times material herein, defendant has violated, and continues to violate the premium overtime pay provisions of section 7(a) of the FLSA by forcing plaintiffs to accept compensatory time and failing to pay plaintiffs at the time and one-half rate for each overtime hour worked and, by failing to pay plaintiffs overtime compensation in cash at the rate of one and one-half times plaintiffs' regular rates of pay.

19. By failing to pay plaintiffs at the rate of one and one-half times their regular rate of pay for each overtime hour worked and by compensating plaintiffs in compensatory time rather than cash for each overtime hour worked, defendant has

violated the FLSA with respect to plaintiffs and is continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

20. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant and its public agencies are under a duty imposed by the Government Accountability Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs from which the amount of defendant's liability can be ascertained.

21. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

22. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

23. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

**COUNT TWO**
**IMPROPER PAYMENT OF COMPENSATORY TIME FOR REGULAR**

## OVERTIME WORK UNDER THE FLSA AND TITLE 5 OF THE U.S. CODE AND UNDERPAYMENT OF OVERTIME PAY

24. Plaintiffs incorporate by reference paragraphs 1 through 23 in their entirety and restate them herein.

25. Pursuant to 5 U.S.C. § 5543, compensatory time can only be provided to employees for "irregular or occasional overtime work."

26. At all times material herein, defendant United States has violated the FLSA and Title 5 by providing plaintiffs payment in the form of compensatory time at the rate of one hour for each hour of overtime hour worked for overtime hours that were scheduled in advance of the administrative workweek and by failing to provide plaintiffs overtime compensation at the rate of one and one-half times the plaintiffs' regular rates of pay.

27. By failing to pay plaintiffs at the rate of one and one-half times their regular rate of pay for each regular overtime hour worked and by compensating plaintiffs in compensatory time rather than cash for each regular overtime hour worked, defendant has violated the FLSA and Title 5 with respect to plaintiffs and is continuing to violate in a willful and intentional manner, the provisions of the FLSA and Title 5.  As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

28. As a result of the defendant's willful and purposeful violations of the FLSA and Title 5, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies

and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant and its public agencies are under a duty imposed by the Government Accountability Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs from which the amount of defendant's liability can be ascertained.

29. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

30. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

31. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

WHEREFORE, the plaintiffs pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of their rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award plaintiffs monetary liquidated damages equal to their unpaid compensation, plus interest;

(d) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant,

and the costs and disbursements of this action; and

    (e) Grant such other relief as may be just and proper.

Respectfully submitted,

Dated: August 8, 2024

/s/ T. Reid Coploff
T. Reid Coploff
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, D.C. 20005
(202) 833-8855
Counsel of Record